CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 16, 2019

LETTER TO COUNSEL

      RE:   *Karen L. v. Berryhill*
              Civil No. 1:19-cv-00198-JMC

Dear Counsel:

On January 22, 2019 Plaintiff petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). (ECF No. 1). I have considered the parties' cross-motions for Summary Judgment. (ECF Nos. 10 & 13). I find that no hearing is necessary. *See* Loc. R. 105(6) (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY both motions. The Social Security Administration's judgment is REVERSED IN PART due to inadequate analysis and REMANDED to the SSA pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff protectively filed for benefits on March 11, 2016 alleging an onset date of February 12, 2012. Her claims were denied initially, and again on reconsideration, on November 18, 2016. (Tr. 144). A hearing was held on October 11, 2017 before Administrative Law Judge ("ALJ") David S. Pang. *Id.* at 37–55. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. *Id.* at 31. The ALJ denied the claims in a decision dated December 10, 2018, and consequently the ALJ's decision constitutes the final, reviewable decision of the SSA. *Id.* at 1–6.

The ALJ found that, during the relevant time frame, Plaintiff suffered from the severe impairments of: bipolar disorder, anxiety disorder, lumbar degenerative disc disease, bilateral knee degenerative joint disease, bilateral heel spurs with plantar fasciitis, and flat feet. *Id.* at 23. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> [P]erform medium work as defined in 20 CFR 404.1567(c) and 419.967(c). The claimant can perform simple, routine, and repetitive tasks. She can occasionally interact with supervisors, coworkers, and the public. (Tr. 25).

After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff had no past relevant work but could perform other jobs existing in significant numbers in

the national economy. *Id.* at 29–30. The ALJ concluded that Plaintiff was not disabled during the relevant time frame. *Id.* at 31.

Plaintiff makes three primary arguments on appeal: (1) the ALJ's analysis of Plaintiff's limitation in concentration, persistence, or pace was flawed and runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); (2) the ALJ failed to consider the combined effect of Lewis' physical impairments; and (3) *res judicata*[1] does not apply to the decision of January 2015 because of a change in regulations regarding the adjudication of mental impairments.[2] (ECF No. 10-1 at 1). For the reasons discussed below, I agree that the ALJ's analysis did not comply with *Mascio*, and thus I will remand this case for further consideration.

In *Mascio*, the United States Court of Appeals for the Fourth Circuit deemed remand appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 637–38. At step three of the sequential evaluation, the SSA determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2018). Listings 12.00 *et seq.* pertain to mental impairments. *Id.* § 12.00 (2018). The relevant listings therein consist of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* § 12.00(A), (G). A claimant's impairments meet the listings relevant by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* § 12.00(A).

Paragraph B consists of four broad functional areas: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. *Id.* § 12.00(A)(2)(b). The functional area of concentration, persistence, or pace "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." *Id.* § 12.00(E)(3). The SSA employs the "special technique" to rate a claimant's degree of limitation in each functional area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.1520a(b), 416.920a(b), (c)(2) (2018). The SSA uses a five-point scale to rate a claimant's degree of limitation in four areas: none, mild, moderate, marked, or extreme. *Id.* §§ 404.1520a(c)(4), 416.920a(c)(4). A moderate limitation signifies that the claimant has only a fair ability to function in the relevant area of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(F)(2)(c) (2018).

---

[1] The Fourth Circuit holds that when adjudicating a subsequent disability claim arising under the same or a different title of the Act as the previous claim, an adjudicator must consider such a prior finding as evidence and give it the appropriate weight in light of all relevant facts and circumstances. *Manuel v. Colvin*, 2015 WL 519481, at *4 (M.D. N.C. Feb. 9, 2015) (citing *Albright v. Comm'r Soc. Sec. Admin*, 174 F.3d 473, 477-78 (4th Cir. 1999)).

[2] The ALJ's decision considers the period between Plaintiff's alleged onset date (February 12, 2012) and the date of the decision January 16, 2018. (ECF No. 13-1 at 2 n.1). Although the prior ALJ decision, issued on January 8, 2015, is administratively final and overlaps with some of the period at issue in this decision, the ALJ did not apply *res judicata* to the overlapping period because changes to the Listing of Impairments addressing mental disorders became effective on January 1, 2017, and thus it was inappropriate to apply. *Id.* It appears that this issue remains uncontested (ECF No. 13-1 at 2 n.1), and thus the Court need not consider this contention.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637–38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (citing *Winschel v. Comm'r Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

At step three, the ALJ determined that Plaintiff had moderate difficulties maintaining concentration, persistence, or pace. (Tr. 24). The ALJ stated:

> With regard to concentrating, persisting, or maintaining pace, the claimant has moderate limitation. The claimant's combination of reported memory concerns, as well as her somewhat labile mood and low motivation, affect her ability to complete some tasks. She stated that she spends her days watching television, and remains able to manage her self-care, take medications as prescribed, and follow conversations. (Tr. 24).

The ALJ evaluated the other "Paragraph B" criteria. He considered Plaintiff's ability to understand, remember, of apply information, and determined she had a moderate limitation. (Tr. 24). The ALJ premised his conclusion in Plaintiff's record, which indicates that she has fair attention and consideration, reports some difficulty with memory, and also manages her self-care including taking medication and attending appointments, and using public transportation, pay bills, and shop, independently. *Id.* The ALJ next considered Plaintiff's ability to interact with others, and determined she had a moderate limitation, as she "testified that she was let go from her last job due to an argument with another employee, and more recently she has had arguments with some physical component in public while taking the bus and on a date." *Id.* She testified as to troubled relationships with her family. The ALJ proceeded to note that Plaintiff was cooperative and appropriate at appointments, and sometimes displays a labile or sad mood. *Id.* As to the final paragraph B criteria, "adapting or managing oneself," the ALJ determined Plaintiff experienced a moderate limitation because she has "a history of substance abuse, and ongoing alcohol use . . . . She is noted to have fair insight and judgment, and has gotten into altercations with others. The claimant reported that she has a good response to changes in routine and can handle stress a little bit." *Id.* In conclusion, the ALJ determined that Plaintiff's mental impairment did not result in at

least two "marked limitations," or one extreme limitation, and therefore the paragraph B criteria were not satisfied. *Id.* at 24–25.[3]

Within the ALJ's RFC analysis he discussed the records cited to in the paragraph B analysis in further detail. The ALJ specifically noted that throughout the course of Plaintiff's mental health treatment she received global assessment of functioning scores (GAF), which ranged from approximately 40 to 56. (Tr. 27). The ALJ gave only partial weight[4] to these scores because a GAF score "is a snapshot of an individual's overall ability and does not indicate systemic or specific ways in which they experience difficulty." *Id.* In addition, the ALJ considered the opinions of the State agency psychological consultants, and physician Joseph Leizer, and afforded such great weight, as they were consistent with Plaintiff's records, which indicated a "generally stable mood, with appropriate daily activities, consistent treatment with reported improvement in symptoms and good interaction with providers." *Id.* Given the ALJ's thorough consideration of the record, the Commissioner argues the ALJ's assessment was in accordance with *Mascio*. (ECF No. 13-1 at 12). Specifically, the Commissioner emphasizes that the ALJ "explained the evidence and reasoning for finding moderate difficulties in concentration, persistence and pace, and then relied on substantial evidence that shows that these difficulties did not preclude the performance of unskilled work *additionally* limited to no more than simple, routine, and repetitive tasks, with occasional interaction with others in the workplace." *Id.* (emphasis added). For the reasons discussed below, this argument is unpersuasive.

The "issue in this case is not whether the record contains evidence that might support the ALJ's conclusion; it is whether the ALJ explained the apparent discrepancy between [his] step three finding and [his] RFC assessment." *Talmo v. Comm'r Soc. Sec.*, 2015 WL 2395108, at *3 (D. Md. May 19, 2015), *report and recommendation adopted* (June 5, 2015). The ALJ did not connect the treatment notes cited by the Commissioner to that discrepancy, and I am unwilling to infer such a connection. *Id.* Pursuant to *Mascio*, once the ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in the RFC assessment, or explain why no such limitation is necessary. *Id.*[5] In this case, the ALJ did neither, and failed to build an "accurate and logical bridge from [that] evidence to [his] conclusion." *See Travis X.C. v. Saul*, 2019 WL 4597897, at *4 (D. Md. Sept. 20, 2019). Considering this inadequacy, I must remand the case to the SSA for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. In doing so, I express no opinion as to whether the ALJ's ultimate decision that Plaintiff was not disabled was correct or incorrect.

---

[3] The ALJ also considered whether the "paragraph C" criteria were satisfied, and determined the evidence failed to establish such, as Plaintiff's record did not include the requisite evidence of two years of significant or high-level ongoing treatment. (Tr. 25).

[4] (Tr. 27) ("Here, where the claimant has some trouble with attention, concentration, and judgment, but otherwise relatively normal mental status evaluation, the undersigned affords these scores partial weight.").

[5] *See also Capps v. Berryhill*, 2018 WL 4616018, at *6 (D. Md. Sept. 26, 2018) ("The ALJ was required to include either additional limitations in the RFC assessment that are acceptable under the *Mascio* standard or a narrative explanation for why limitations in concentration, persistence or pace are not required. Commissioner cannot change the purpose of the ALJ's narrative discussion post hoc to meet the requirements of *Mascio*.").

Finally, because the case is being remanded on other grounds, I need not determine whether Plaintiff's argument that the ALJ failed to consider the combined effect of Plaintiff's physical impairments merits remand standing alone. On remand the ALJ can consider whether any additional discussion of Plaintiff's physical impairments is necessary.

For the reasons set forth both Plaintiff's Motion for Summary Judgment (ECF No. 10) and Defendant's Motion for Summary Judgment (ECF No. 13) are **DENIED.** The ALJ's opinion is **REVERSED IN PART**, due to inadequate analysis and pursuant to sentence four of 42 U.S.C. § 405(g). This case is **REMANDED** to the Social Security Administration for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

Sincerely yours,

/s/
J. Mark Coulson
United States Magistrate Judge